ORDER

The plea of guilty is accepted.
The recommendations in the
plea agreement are reserved
until the time of sentencing.

Eli Richardson
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:24-cr-00239 |
| v. | ) | |
| | ) | Judge Richardson |
| EDWARD MATTHEW GAITHER | ) | |

PLEA AGREEMENT

The United States of America, through Robert E. McGuire, Acting United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Taylor J. Phillips, and defendant, Edward Matthew Gaither, through defendant's counsel, Thomas Anthony Swafford and Harry S. Mattice, Jr., pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

Charge in This Case

1. Defendant acknowledges that he has been charged in the information in this case with willful failure to pay over to the Internal Revenue Service ("IRS") taxes due and owing to the United States in violation of Title 26, United States Code, Section 7202.

2. Defendant has read the charge against him contained in the information. That charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information, charging willful failure to pay over to the Internal Revenue Service ("IRS") taxes due and owing to the United States.

Penalties

4.      The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following maximum penalties: five years' imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment. Defendant also understands that a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future, regardless of whether the defendant currently has lawful temporary or permanent resident status.

5.      Defendant also agrees, pursuant to Title 18, United States Code, Section 3663(a)(3), to pay restitution to the IRS as set forth below.

Acknowledgements and Waivers Regarding Plea of Guilty

Nature of Plea Agreement

6.      This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:24-cr-239.

7.      Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

   a.   If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

   b.   If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising

2

so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

      c.      If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

      d.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      e.      At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

8.      Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

Factual Basis

9.      Defendant will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts

3

Case 3:24-cr-00239   Document 14   Filed 02/12/25   Page 3 of 15 PageID #: 33

establish his guilt beyond a reasonable doubt:

    a. At all times relevant to the Information, defendant was a resident of Clarksville, Tennessee. Defendant was the sole proprietor, owner, and operator of Airborne Electric, an electrical subcontractor in Clarksville, Tennessee. Defendant employed numerous individuals as employees at Airborne Electric, ranging from approximately four to forty-seven employees at a given time. Employees received regular paychecks which were paid from the Airborne Electric bank account, which defendant controlled.

    b. As the owner and operator of Airborne Electric, defendant was responsible for maintaining the business's finances. Defendant maintained a bank account for Airborne Electric at US Bank in the name of "Edward M. Gaither DBA Airborne Electric." Defendant wrote checks on the US Bank account, which were endorsed in his name. Defendant caused paychecks drawn on the US Bank account to be provided to employees, and also caused employees to be provided with IRS Forms W2 from Airborne Electric.

    c. The IRS was an agency of the United States Department of Treasury. The IRS had responsibility for enforcing and administering the tax laws of the United States and collecting taxes owed to the Treasury of the United States. The Federal Insurance Contribution Act ("FICA") required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers, who held these taxes in trust for the United States, were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld

4

taxes are referred to as "trust fund taxes." An individual with the obligation to collect, account for, and pay over withheld trust fund taxes to the government is called a "responsible person." In addition to the responsibility to pay over trust fund taxes, employers were required to pay a matching amount of FICA taxes with respect to each of their employees.

d. For employees whose annual liability for trust fund taxes was greater than $1,000, responsible persons were required to report the employment taxes due for the employer on an Employer's Quarterly Federal Tax Return ("Form 941") on a quarterly basis. The Form 941 was due at the end of the month following the end of each calendar quarter and reported the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of employment taxes due, and the total tax deposits the employer made with the IRS.

e. As the employer of Airborne Electric employees, defendant had a duty to truthfully account for and pay over the required federal income and employment taxes. Defendant calculated and withheld federal income and the FICA taxes from the paychecks of Airborne Electric employees. Beginning in or around the spring of 2014 and continuing until at least in or about August 2024, defendant exercised control over Airborne Electric's finances, including by directing and controlling payments made by Airborne Electric.

f. At all relevant times, defendant was the "responsible person" for Airborne Electric, that is, he had the responsibility to collect, truthfully account for, and pay over the trust fund taxes for Airborne Electric. During this time period, defendant knowingly

5

and willfully failed to file Forms 940 and 941 with the IRS on behalf of Airborne Electric to report wages paid to Airborne Electric employees. Defendant also knowingly and willfully failed to make payments to the IRS for federal income and FICA tax withholdings taken from Airborne Electric employee's paychecks. Defendant did not make payments to the IRS for his matching portion of FICA taxes (i.e., the employer contributions to Social Security and Medicare).

g. Defendant acknowledges that he willfully failed to pay FICA taxes and employees' withheld federal income taxes that were due and owing to the United States of America. For example, defendant occasionally used his accounting software, QuickBooks, to generate Forms 940 and 941, which he printed for his insurance agent. Additionally, in or about early 2015, defendant's accountant notified him of his obligation to pay over to the IRS taxes withheld from Airborne Electric employees' paychecks in 2014, as well as the employer matching portion. Despite this, defendant retained the FICA and other taxes owed by Airborne Electric and converted the money to his own use.

h. During the fourth quarter of 2018, ending on December 31, 2018, defendant deducted and collected funds from his employees' total taxable wages, which represented the employees' federal income taxes and the employees' withheld FICA taxes. Defendant thereafter willfully failed to account for and pay over these federal income and FICA taxes which were due and owing to the IRS.

i. For the purposes of determining relevant conduct pursuant to U.S.S.G. § 1B1.3 and the restitution amounts owed, as a result of all the defendant's conduct above, defendant retained approximately $1,513,669.32 in federal income and FICA taxes

6

that were due and owing to the IRS. Specifically, the defendant retained $1,018,761.00 in trust fund amounts and failed to match $494,908.32 in employer obligations.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

Sentencing Guidelines Calculations

10. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective at the time of sentencing.

   a. Assuming Defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming Defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because Defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

## Agreements Relating to Sentencing

11. Defendant is free to recommend whatever sentence he feels appropriate. The Government may recommend a sentence at or above the bottom of the court-determined Guidelines range (including, but not limited to, any reduction the Court applies pursuant to U.S.S.G. § 3E1.1).

12. It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea. Similarly, defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

13. Regarding restitution, Defendant agrees that the IRS is owed restitution in the amount of $1,513,669.32, as set forth in the annual amounts identified in Attachment A, and that pursuant to Title 18, United States Code, Section 3663(a)(3), the Court will order defendant to make restitution in this amount, minus any credit for funds repaid prior to sentencing. Unless the Court orders otherwise, restitution shall be due immediately.

    a. Defendant agrees that pursuant to 26 U.S.C. § 6201(a)(4), the IRS may use the restitution order in this case as the basis for a civil tax assessment. Defendant agrees that he does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Defendant further agrees that neither the existence of a payment schedule in this case nor Defendant's timely payments according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

b. Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

c. Defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability.

d. Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of the Court at the following address:

Clerk, U.S. District Court
Fred D. Thompson U.S. Courthouse and Federal Building
719 Church Street, Suite 1300
Nashville, TN 37203

e. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Defendant will provide the following information:

    i. The defendant's name and Social Security number;

    ii. The District Court docket number assigned to this case;

    iii. Tax year(s) or period(s) for which restitution has been ordered; and

    iv. A statement that the payment is being submitted pursuant to the District Court's restitution order.

f. Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the appropriate office of the IRS.

g. Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS – RAC
Attn: Mail Stop 6261, Restitution
333 Pershing Ave.
Kansas City, MO 64108

14. Defendant agrees to pay the special assessment of $100 at the time of sentencing to the Clerk of the U.S. District Court.

Presentence Investigation Report/Post-Sentence Supervision

15. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

16. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

17. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

18. Defendant understands that nothing in this Plea Agreement shall limit the IRS in its determination, assessment, or collection of any taxes, interest, or penalties from defendant and his spouse. Defendant understands that the amount of tax, as calculated by the IRS, may exceed the amount of tax due as calculated for the criminal tax case.

## Entry of Guilty Plea

19. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

## Waiver of Appellate Rights

20. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the court-determined guideline range. Defendant also knowingly waives the right to challenge the sentence imposed in any motion

pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence within or above the court-determined guideline range.

## Other Terms

21. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office. Defendant further agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and submitted to the Treasury Offset Programs so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

22. Defendant agrees to cooperate with the IRS in any tax examination or audit of defendant and/or his spouse that directly or indirectly relates to or arises out of the course of conduct defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request. Nothing in this paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

23. Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

24. Defendant agrees to prepare and file personal income tax returns for tax years 2015 through 2023, and to make any associated payments to the IRS regarding his tax liability.

25. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

26. Defendant understands that the information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person. Defendant understands that this Plea Agreement may have been or may be filed with the Court under seal and, if so, will not become a matter of public record or disclosed to any person absent further order of the Court.

27. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Plea Agreement, or defendant breaches any of its terms and the government elects to void the Plea Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the

expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of such prosecutions.

28. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

29. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement and any proffer agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

30. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 2/12/2025

_____
EDWARD MATTHEW GAITHER
Defendant

31. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 2/12/25

_____
THOMAS ANTHONY SWAFFORD

14

_____
HARRY S. MATTICE, JR.
Counsel for Defendant



Respectfully submitted,

ROBERT E. McGUIRE
ACTING UNITED STATES ATTORNEY

_____
TAYLOR J. PHILLIPS
ASSISTANT UNITED STATES ATTORNEY


By: _____
KATHRYN W. BOOTH
DEPUTY CRIMINAL CHIEF

15